UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD J. LANG,

                    Plaintiff,

         -against-

ZOHRAN MAMDANI; STATE OF NEW
YORK,

                    Defendants.

25-CV-9144 (LTS)

ORDER DIRECTING PAYMENT
OF FEE OR IFP APPLICATION AND
ORIGINAL SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff

must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to

request authorization to proceed without prepayment of fees, submit a signed IFP application.

*See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted the complaint without the filing fees or an IFP application. Within

thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the

attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket

number 25-CV-9144. If the Court grants the IFP application, Plaintiff will be permitted to

proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

Additionally, Plaintiff submitted the complaint without his signature. Rule 11(a) of the

Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other

paper must be signed by at least one attorney of record in the attorney's name – or by a party

personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court

has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a

mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Plaintiff is directed to resubmit the signature page of the complaint with an original signature to the Court within thirty days of the date of this order. A copy of the signature page is attached to this order.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 12, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2